Robert H. JOHNIKEN, Appellant,

v.

Maxine A. JOHNIKEN, Appellees.

No. 7566.

Court of Civil Appeals of Texas.

Texarkana

March 17, 1964.

Marcus F. Vascocu, Longview, for appellant.

Eldred M. Smith, Longview, for appellees.

CHADICK, Chief Justice.

The transcript's chronological history of this lawsuit discloses the hiatus that renders this court without jurisdiction to entertain an appeal.

Judgment pursuant to jury findings on special issues was signed and entered October 14, 1963. A motion for new trial, filing date not shown, was overruled by signed order October 18, 1963; the order contained a notice of appeal by Maxine A. Johniken. Her appeal cost bond was filed November 15, 1963. Thereafter, on November 19, 1963, when 31 days had elapsed since the order overruling motion for new trial had been signed October 18, 1963, the trial judge rendered and signed a second judgment bearing the same style and number but not otherwise making any reference to the first judgment, materially changing custody and visitation arrangements pertaining to children set out in the first judgment; this last instrument recited notice of appeal therefrom by Robert H. Johniken. The same day, November 19, the trial judge signed an order granting Maxine A. Johniken's request to dismiss her appeal from the order of October 18, 1963, overruling her motion for new trial. Also, that same day, November 19, Robert H. Johniken requested findings of fact and conclusions of law which the trial judge produced and filed on December 11, 1963. Robert H. Johniken filed an appeal bond December 3, 1963, reciting his desire to appeal from the last judgment entered, that is, the judgment signed November 19, which made the change in the custody, etc., arrangements.

Rule 329b, Subsection 5 in part says: "Judgments shall become final after the expiration of thirty (30) days after the rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered, or motion for new trial overruled, the judgment cannot be set aside except by a bill of review for sufficient cause, filed within the time allowed by law. * * *" There is no suggestion from any party that the trial court's second judgment dated November 19, 1963, is validated by any special provision of the law giving the trial court authority to enter a judgment at that time. The motion for new trial filed by Maxine A. Johniken was referable to the original judgment and had been overruled more than 30 days before the second judgment was attempted; the purported second judgment is a nullity as the trial judge had lost jurisdiction over the case 30 days after overruling the motion for new trial. This court is without jurisdiction to review the merits of the void judgment. See also Rule 301, which has among its provisions a requirement that "[o]nly one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." The appeal is dismissed.