Ray A. BENSON, State Savings & Loan
Commissioner, et al., Appellants,

v.

Ellison MILES et al., Appellees.

No. 11197.

Court of Civil Appeals of Texas.

Austin.

May 6, 1964.

Waggoner Carr, Atty. Gen., Joe R. Long, Asst. Atty. Gen., Austin, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellants.

Gibbs & Hooks, Dallas, R. Dean Moorhead, Austin, for appellees.

PHILLIPS, Justice.

This case involves an appeal from a decision of the Savings and Loan Commissioner denying the application of the appellees, Ellison Miles, et al.[1] for a charter for a new savings and loan association to be located in Farmer's Branch, Texas.

The trial court reversed the decision of the Commissioner and ordered that the charter be issued after certain conditions inserted in the judgment have been complied with.

We order this appeal dismissed for lack of jurisdiction in this Court as we hold that the judgment before us is not a final judgment and not appealable.

Appellees' application was submitted June 27, 1962, to the Savings and Loan Commissioner of the State of Texas; a hearing was held on October 9, 1962, and the Commissioner's order of denial of the charter was entered on March 27, 1963.

The charter was denied upon the grounds that: (1) the public convenience and advantage would not be promoted by allowing the proposed association to be incorporated, taking into consideration that insurance of the shares of the proposed association would

1. Appellees in addition to Ellison Miles are C. J. Kelleher, A. J. Airoldi, Jack Murphy, D. W. Adams, Lawson Ridgeway and E. K. Norton, Jr.

probably be refused by the Federal Savings and Loan Insurance Corporation, and taking further into consideration that the chartering of a new association would result in an excessive number of savings and loan associations operating in the neighborhood and surrounding country which would be unduly injurious to all such associations; (2) that the population of the neighborhood of the place where the proposed association is to be located and the population of the surrounding country does not afford a reasonable promise of adequate support of the proposed association.

Appellees alleged that the decision of the commissioner in refusing to grant the application for the charter was a violation of his discretion and that he abused his power by doing so.

Appellant Richardson Savings & Loan Association, located in Richardson, Texas, intervened in support of the Commissioner's order. Richardson Savings & Loan Association has a branch office in a shopping center in Farmer's Branch, Texas.

At the conclusion of the trial the court entered judgment for appellees, reversing and setting aside the order of the Commissioner and granting the application for mandamus prayed for by appellees and directed the Commissioner to issue the corporate charter for the association. The trial court, however, conditioned its judgment as follows:

"It is further ORDERED, ADJUDGED AND DECREED, however, that the said Ray A. Benson is authorized and directed to withhold the Certificate of Authority for such Association to commence business until the following requirements are met:

"1. Proof that the plaintiffs herein, for and on behalf of First State Savings and Loan Association of Farmer's Branch, Texas, have secured insurance of the accounts of such Association with the Federal Savings and Loan Insurance Corporation of Washington, D. C.

"2. Proof that the Association has secured satisfactory, full-time management.

"3. Proof that the Association has secured adequate, independent ground floor quarters out of which to operate.

"This order is intended to, and does, permit the defendant Ray A. Benson reasonable discretion in determining whether and when the aforementioned three requirements are met. At such time as he may, in the exercise of such discretion, determine that such requirements are met, he shall forthwith issue a Certificate of Authority to the Association."

The trial court made extensive findings of facts and conclusions of law which are not pertinent to this opinion.

We will summarize a portion of the evidence that was adduced with respect to the abovementioned conditions to the trial court's judgment.

There was evidence presented before the trial court that the Federal Savings and Loan Insurance Corporation requires as a condition for insurance of accounts that an applicant be a member of the Federal Home Loan Bank. The Federal Home Loan Bank concurs in this requirement. A resolution adopted by the Board of Directors of the Federal Home Loan Bank of Little Rock, Arkansas, on March 18, 1963, to the effect that there was no reasonable probability of usefulness and success of the First Savings and Loan Association of Farmer's Branch, Texas, without creating undue injury to existing associations or other financial institutions in the area. Therefore, it was the recommendation of the Federal Home Loan Bank of Little Rock, Arkansas, that the application for membership in the Federal Home Loan Bank be not approved.

Further evidence was presented the trial court in the form of a letter from the

Vice-President of the Federal Home Loan Bank, a Mr. Hugh B. Procter, to the Commissioner, dated March 25, 1963, in which Mr. Procter informed the Commissioner that their Directors had adopted a resolution on March 18, 1963, offering an unfavorable recommendation on the application of First Savings and Loan Association of Farmer's Branch, Texas, for membership in the bank.

There is substantial evidence in the record that as of the date of the entry of the order here under attack, the proposed association did not have independent ground floor quarters as required by the rules and regulations of the Commissioner.

In addition to Article 881a–2, Vernon's Ann.Civ.St., governing the requirements of the Commissioner with respect to savings and loan associations, the Commissioner has promulgated certain rules and regulations pursuant to the authority of the abovementioned statute.

Section 2.1, Chapter 2, entitled New Charter Applications of the Commissioner's rules require, among others, (1) (a) that insurance of accounts of the proposed association has been applied for and that such insurance will probably not be refused by the Federal Savings and Loan Insurance Corporation. (1) (c) requires that such proposed association will have and maintain independent quarters with a ground floor location or its equivalent; (1) (d) that such proposed association will have qualified, full-time management.

At no place in the judgment does the trial court hold that the Commissioner acted arbitrarily or with caprice or that his action in denying the charter was not supported by substantial evidence. The court merely ordered the charter granted subject to the abovementioned conditions.

■ It is fundamental in this State that although a court is not bound by administrative action that finds no reasonable support in the evidence, it will not usurp an agency's powers, or exercise discretion conferred on the agency by the Legislature. As to such matters, the agency's decision will be considered final unless it acted arbitrarily or abused its discretion. See 1 Tex.Jur.2d, Sec. 40, p. 679.

In Phillips v. Brazosport Savings and Loan Association, 366 S.W.2d 929, the Supreme Court said:

"Review under the substantial evidence rule entails the following principles: The order of the Commissioner is presumed to be valid. The courts may not substitute their discretion for that delegated to the Commissioner by the Legislature; thus, the only question before the trial court is whether the Commissioner's decision was arbitrary and made without regard to facts."

In the case before us, the trial court was limited to either holding the order valid or invalid. The court has reversed the order of the Commissioner and holds that the charter should be granted; however, the case is, in effect, remanded to the Commissioner to make certain findings in his discretion before granting the Certificate of Authority.

■ We would have no difficulty in holding that the trial court is without authority to enter such a judgment were it not for the fact that the judgment itself places the issues to be resolved in such uncertainty as to preclude the judgment from being final. The conditions set out therein cannot be considered as incidental or dependent matters left to be determined under the doctrine of Hargrove v. Insurance Investment Corporation, 142 Tex. 111, 176 S.W.2d 744, but involve basic issues which must be determined before a charter can be granted under the statute. Our review is limited to the evidence adduced before the trial court and his judgment relative thereto. The court has not, as yet, ruled on these issues. He must act before we can act. Thus the judgment is not appealable and this Court is without jurisdiction to pass upon it. Art. 2249, V.C.S.

The Attorney General contends that the judgment is final. That the question of whether the Commissioner was to issue the charter was the question before the court. That the court has ordered the Commissioner to grant the charter. That the conditions imposed in the judgment are not precedent to the issuing of the charter but are precedent to the Commissioner's issuing the Certificate of Authority.

We do not agree. Art. 881a-4, V.C.S., authorizes the Commissioner to issue the Certificate of Authority to do business after he has approved the organization certificate, the proposed by-laws and shall have issued the certificate of such approval and filing. These are not the conditions that the court sets out in its judgment. The conditions that the court requires resolved are issues to be considered by the Commissioner in arriving at a decision concerning the charter itself. These issues are as yet undecided. They have not been passed upon by the trial court; consequently, this Court is without jurisdiction to pass upon them here. The appeal is dismissed.

Appeal dismissed.