**Margaret Elizabeth HAMBORSKY, Appellant,**

v.

**Rudolph J. HAMBORSKY, Appellee.**

**No. 15173.**

Court of Civil Appeals of Texas, San Antonio.

July 3, 1973.

Goodstein, Semaan & Bashara, San Antonio, for appellant.

Rudolph J. Hamborsky, pro se.

CADENA, Justice.

This is a contempt proceeding in which appellant, Margaret Elizabeth Hamborsky, presents as error the refusal of the trial court to hold her ex-husband, Rudolph J. Hamborsky, appellee, in contempt for his failure to comply with that portion of a previous divorce decree ordering appellee, in settlement of appellant's community interest in appellee's military retirement benefits to pay to appellant the sum of $100 per month not later than five days after receipt by appellee of his military retirement check.

Appellant does not challenge the rule denying appeal from a judgment holding that the respondent in a contempt proceeding is not guilty of the charged contempt. See State v. Thurmond, 37 Tex. 340 (1872). But appellant argues that that rule is not applicable here, since the court's refusal to hold appellee in contempt was based, not on a finding that appellee's conduct was not contumacious in nature, but on the theory that the trial court lacked jurisdiction to hold appellee in contempt. Appellant's sole point of error is that the trial court erred in holding that it did not have jurisdiction to hold appellee in contempt.

The judgment appealed from recites that the trial court, " . . . Having read the pleadings and heard the evidence and argument of counsel, is of the opinion and finds that the Respondent is not guilty of contempt of court."

In answer to appellant's request for findings of fact and conclusions of law, the trial court found, as facts, that appellee had received his military retirement checks, but had "willfully" failed, refused and neglected to pay to appellant the sum of $100 from each of said checks. The final fact finding was to the effect that at the time the decree of divorce was entered, appellee did not have in his possession any monthly checks representing payment of retirement benefits.

The sole conclusion of law recited, "The Court does not have jurisdiction to hold RUDOLPH J. HAMBORSKY in contempt for failure to make the payments of $100.00 per month in accordance with the divorce decree . . . ."

Appellant's brief is aimed at establishing that imprisonment of appellee for failure to make the periodic payments required by the divorce decree would not constitute imprisonment for debt within the meaning of Article I, Section 18, Texas Constitution Vernon's Ann.St., and that, under the holding of the Supreme Court in Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938 (1961), the trial court was authorized to hold appellee in contempt for his failure to obey such decree. We find it unnecessary to decide this question.[1]

The record reflects that the trial court heard the case on the merits and, after hearing all of the evidence offered by the parties, concluded that it did not have authority to hold appellee in contempt. Whether the trial court's reason for its judgment is correct or incorrect is immaterial, and we express no opinion on that point. The fact remains that, after a full hearing, the trial court entered judgment that appellant " . . . take nothing by her motion for contempt, which is hereby in all things denied . . . ." The order is not appealable. Blair v. Blair, 408 S.W.2d 257 (Tex.Civ.App.—Dallas 1966, no writ). Cf. Allen v. Woodward, 111 Tex.

457, 239 S.W. 602 (1922); Beauchamp v. Onion, 467 S.W.2d 685 (Tex.Civ.App.—San Antonio 1971, mand. overruled).

The appeal is dismissed.

---

1. The problem created, in contempt proceedings, by the constitutional prohibition against imprisonment for debt is discussed in Greenhill, Habeas Corpus Proceedings in the Supreme Court of Texas, 1 St. Mary's Law J. 1, 9–12 (1969).