**Carroll Frances Cason ANDERSON, Appellant,**

v.

**Clarence Eugene ANDERSON, Appellee.**

**No. 19432.**

Court of Civil Appeals of Texas, Dallas.

Feb. 13, 1978.

William W. Wilson, Witts, Vanberg & Wilson, Dallas, for appellant.

Fred Kolodey, James W. Massie, III, Kolodey & Thomas, Dallas, for appellee.

GUITTARD, Chief Justice.

Carroll Frances Cason Anderson appeals from an order of the domestic relations court denying specific performance of that portion of a property settlement agreement requiring her former husband, Clarence Eugene Anderson, to furnish additional information concerning property accumulated during the marriage. We affirm on the ground that specific performance is not a proper remedy for respondent's failure to furnish the information demanded.

The present action was commenced by petitioner as a proceeding to hold respondent in contempt for failure to obey the divorce decree, which approved and incorporated a written "agreement incident to divorce." By amendment, petitioner added a count for specific performance, alleging that the agreement approved by the court was expressly conditioned on truthfulness of the disclosures previously made by respondent of the assets of the community estate and expressly provided that respondent furnish the financial information requested from him at his deposition. The petition further alleges that the parties had amended the agreement by a document, later reduced to writing and signed on their behalf by their attorneys, specifying that respondent should furnish a copy of his 1975 income tax return within thirty days after filing, and that he should furnish such other financial information as might be requested in writing within thirty days after the granting of the divorce. The amended petition alleges that a written request for such information was made within the time specified, but that respondent had willfully failed to furnish any such information. Petitioner prays that respondent be held in contempt, and, in the alternative, that he be specifically ordered to provide the information requested.

At a trial without a jury, the court excluded the alleged amendment on the ground that there was no evidence that it had been executed by respondent's counsel or by anyone with real or apparent authority to execute it on behalf of respondent. The court also excluded a letter from petitioner's counsel specifying the information requested. The order appealed from denied the petitioner's motion for contempt and all other relief sought in the amended petition.

■ This order is not appealable insofar as it refuses to hold respondent in contempt. *Hamborsky v. Hamborsky,* 497 S.W.2d 405 (Tex.Civ.App.—San Antonio 1973, no writ). Accordingly, petitioner does not attack that part of the order, but complains only of denial of her claim for specific performance. She contends that the court erred in excluding the amendment and in holding it to be void. She argues that she has no adequate remedy at law because the information that respondent agreed to furnish is unique and cannot be obtained from any other source. Respondent replies that the court properly held that execution of the amendment had not been proved and that, in any event, specific performance would not have been proper because there was no showing that the information could not have been obtained by a subpoena duces tecum or other method of discovery. Petitioner argues that these remedies are available only if she files some other kind of suit concerning the property and that she is in no position to file such a suit until respondent furnishes the information he has agreed to furnish.

■ We conclude that the equitable remedy of specific performance is not available to compel disclosure of information that could have no value in itself and could be important only as the basis for further litigation. Specific performance is not a remedy of legal right, but rests in the sound discretion of the court and will not be decreed unless the contract can be completely enforced so as to secure substantially all that the parties contemplated at the time

the contract was made. *Nash v. Conatser,* 410 S.W.2d 512, 519, 520 (Tex.Civ.App.—Dallas 1966, no writ). If petitioner is unable to sue for specific property because of respondent's failure to furnish the information demanded, she may, nevertheless, file her suit, alleging that the property settlement was conditioned on truthfulness of the information previously furnished, that defendant had agreed to furnish additional information, but had failed to do so, and that in view of such failure she had reason to believe that defendant had in his possession assets of the community estate not enumerated in the previous settlement. On filing such a petition, all of the discovery procedures provided by the rules would be available, the petition could be amended in the light of any information obtained by such discovery, and judgment could then be rendered finally settling the rights of the parties. The present proceeding would settle nothing, even if this order were reversed and the relief sought by petitioner were granted. Another suit would be required before petitioner could obtain her ultimate relief.

If litigants were thus permitted to split their disputes into fragments and to pursue each fragment to final judgment through trial and appellate courts before proceeding with the next, the courts would be burdened unnecessarily and the administration of justice would be delayed. In this case, to grant specific performance would be to permit the parties to break down into three separate actions a controversy that should have been finally concluded in the original divorce action. If petitioner was not satisfied with respondent's disclosures at his deposition or otherwise, she should have pursued her discovery remedies until all relevant information was furnished. Even though she may have been induced not to do so by respondent's assurance that he would make further disclosures, the court would have been well advised not to approve the settlement so long as the door was left ajar for further litigation. If the amendment to the settlement agreement had been submitted to the court, it might well have been disapproved for just that reason.

In short, petitioner had adequate discovery procedures available in the divorce action, but failed to pursue them, and she still has such procedures available in a later suit if she has any reason to believe that other assets exist that respondent has not disclosed. Consequently, we hold that no ground for the equitable remedy of specific performance has been shown.

Affirmed.