ROLOFF EVANGELISTIC ENTERPRIS-
ES, INC. et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 13073.

Court of Civil Appeals of Texas,
Austin.

April 23, 1980.

M. W. Meredith, Jr., William A. Abernethy, Meredith, Donnell & Edmonds, Corpus Christi, for appellants.

Mark White, Atty. Gen., David H. Young, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

Appellants, Roloff Evangelistic Enterprises, Inc., Raymond Weatherford, Jack Patterson, and Harmon Oxford, appeal from a judgment entered by the district

court of Travis County on June 18, 1979. Appellee is The State of Texas.

■ The State raises the threshold problem of this Court's jurisdiction to entertain the appeal by asserting that the judgment entered by the district court was one of contempt. If, indeed, the judgment were one of contempt, it is not appealable. *Ex Parte Cardwell*, 416 S.W.2d 382 (Tex.1967).

■ In response to the State's contention, this Court has examined the transcript with care in an effort to determine the nature of the district court's judgment.

Appellee initiated the proceeding made the basis of this appeal on May 16, 1979, by filing a pleading labeled "Motion for Contempt" in cause number 248,199 in the district court of Travis County. The motion recited that the district court in cause number 248,199 entered judgment on October 22, 1976, permanently enjoining appellants from operation of the Rebekah Home for Girls, Anchor Home for Boys, and Lighthouse for Boys without a license issued by the State. The judgment of October 22 also directed appellants to pay civil penalties in the sum of $23,650 for the operation of the children's homes in violation of the Child Care Licensing Act. The October 22, 1976, judgment is in all things now final. Appellee alleged in the motion that appellants had violated the October 22, 1976, court order by the continued operation of the children's homes. The motion's prayer for relief is set forth below:

"WHEREFORE, the State of Texas . . . prays that [appellants] be cited to appear and show cause why they should not be held in contempt of this Court for the actions hereinabove described. Because of injury to itself caused by [appellants'] knowing, willful and flagrant violation of the laws of this State and of the order of this Court, [appellee] respectfully prays:

1. That a civil penalty to be determined by this Court running from the date of receipt by this Court of the mandate of the Supreme Court of Texas be assessed against and collected from [appellants] pursuant to Article 695a–3, § 22, V.A.T.S., and that an additional sum per subject facility be collected up to and including the date of issuance of the order of contempt of this Court;

2. That [appellant] Roloff Evangelistic Enterprises, Inc., be directed to pay the penalty assessed by this Court in its order of October 22, 1976, together with interest running from the date of receipt by this Court of the mandate of the Supreme Court of Texas to the date of payment;

3. That the said facility be immediately closed and the children placed in the temporary care of the Department of Human Resources until such time as they can be returned to their legal guardian.

Further, [appellee] prays that this Court . . . grant to Plaintiff all such other and further relief to which it may be entitled as this Court may deem proper."

After hearing, the district court entered the judgment that is the subject of this appeal. The district court found in the judgment that the State was entitled to judgment for civil penalties in the minimum sum allowed by law. The court also found that the State's " . . . motion to immediately close [appellants'] child care facilities is necessary and lawful because [appellants] have continued to operate child care facilities [without licenses] in defiance of this Court's Judgment of October 22, 1976, and by so doing are in contempt of said Judgment . . . "

The district court recited in the judgment that because of appellants' contempt of the judgment of October 22, 1976, it was necessary that the court order the closure of the children's homes " . . . *unless an application for a license for each child care facility has been made and granted by June 19, 1979* and that the Texas Department of Human Resources be directed to remove any children in care from said facilities and return said children to their legal guardian as soon as may be practicable after June 19, 1979." (Emphasis added).

The district court further directed in the judgment that appellant Roloff Evangelistic Enterprises, Inc., pay to the State the sum of $22,850 in civil penalties for the unlawful operation of the children's homes from March 18, 1978, to the date of the show cause hearing on June 13, 1979.

The judgment also ordered that Roloff Evangelistic Enterprises, Inc., pay the penalties previously assessed by the October 22, 1976, judgment. No appellant has attacked that part of the judgment in this appeal.

It is to be observed that the State in its motion pleaded that appellants had acted in contempt of the October 22, 1976, judgment. The district court found that appellants were in contempt of the October judgment. Nevertheless, the relief prayed for in the motion and afforded in the judgment is not of the character associated with contempt proceedings.

Texas Rev.Civ.Stat.Ann. art. 1911a § 3 acknowledges a court's power to confine a contemner in order to compel him to obey a court order. In addition, Art. 1911a § 2(a) provides that each court, other than a justice court or municipal court, may punish a contemner by a fine of not more than $500.00, or by confinement in the county jail for not more than six months, or both.

A comparison between the provisions of Art. 1911a § 2(a) and the judgment makes plain that the district court in ordering Roloff Evangelistic Enterprises, Inc., to pay $22,850 in civil penalties for violation of the Child Care Licensing Act, now Tex. Human Resources Code § 42.075; Tex. Laws 1979, ch. 842 at 2367, was not exercising its contempt powers. The district court, instead, was acting pursuant to the authority of the Child Care Licensing Act, and such action is subject to appellate review.

The authority for the court to enter that part of the judgment directing appellants to apply for and obtain a license for operation of the child care facilities by June 19, 1979, or suffer the removal of the residents from the facilities and closure is not so clear. The State insists that Art. 1911a § 1 is a statutory expression of the contempt powers of the courts. Article 1911a § 1 provides as follows:

"Section 1. A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt."

The State claims that within the blanket authority of Art. 1911a § 1 the court may tailor the particular relief necessary to compel the contemner to obey a court order, all of which is not subject to appellate review.

Appellants argue, to the contrary, that the basis for the judgment directing closure must have been the Child Care Licensing Act. That statute provides that a facility may be closed and the children placed in another facility if a violation of the Code or the department's rules has occurred creating an immediate danger for the children.

This Court is not empowered in this appeal to determine the validity of either the State's or appellants' contention, not for the reason that the judgment before the Court is one of contempt, as argued by the State, but instead, for the reason that the judgment, in this respect, is not final.

█ To be final, a judgment must determine the rights of the parties and dispose of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956); *Stalco, Inc. v. Zero Refrigerated Lines, Inc.*, 390 S.W.2d 476 (Tex. Civ.App.1965, writ ref'd).

█ In general, when a judgment, not intrinsically interlocutory in character, is entered in a case regularly set for a conventional trial on the merits, and there is no order for a separate trial of the issue, it will be presumed for purposes of appeal that the court intended to, and did, dispose of all parties and issues. *North East Indepen-*

*dent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966).

The presumption of finality announced in *North East Independent School District v. Aldridge, supra,* is not applicable to the case at bar because the judgment, on its face, shows that the district court reserved issues for determination at a later time. The judgment of June 18, 1979, ordered the closure of the facilities *unless* appellants applied for and obtained a license from the State by June 19, 1979. A subsequent hearing would be required for the court to determine whether or not appellants had applied for and received the license. Only upon a negative determination by the court, in such hearing, would the closure of the facilities, as directed in the judgment of June 18, 1979, become operative.

The transcript does not show a further order entered by the district court subsequent to June 19, 1979, in which the court determined whether or not appellant Roloff Evangelistic Enterprises, Inc., had indeed filed application for each of the child care facilities and whether or not the State had granted those applications.

The part of the judgment, directing appellants to file for and obtain licenses for the facilities by June 19, 1979, or suffer closure, is not final, and will be severed from the balance of the judgment, and the appeal therefrom will be dismissed.

Appellants attack that part of the judgment ordering Roloff Evangelistic Enterprises, Inc., to pay $22,850 in civil penalties for violation of the Child Care Licensing Act by several points of error. By those points appellants claim that the judgment is supported by no evidence, or alternatively, by insufficient evidence. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the court's findings and consider only the facts and circumstances that tend to support those findings. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696 (1914). In reviewing factual sufficiency points of error, the court considers all of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

To show a violation of the Child Care Licensing Act, it was necessary for the State to prove, among other things, (1) that a home was in operation; and (2) that by such operation, the home was providing care, training, education, custody, treatment, or supervision for a child under the age of eighteen years.

The State called four witnesses: Margaret May, George Duran, Jacinto Rodriguez, and Joseph Kast. The State proved by Margaret May that the three facilities did not have licenses from the Department of Human Resources.

Witnesses Duran, Rodriguez, and Kast were investigators for the Department of Human Resources. Each witness had been to the Rebekah and Lighthouse Homes several times between May of 1979 and trial time. Each testified that he had seen a number of children at those facilities. Rodriguez and Kast each testified that he did not know the ages of any of the children. Duran, likewise, was unable to testify whether he saw any children under eighteen years of age at the facilities. The closest that the State came to showing the age of the children was Duran's statement that "There were approximately twenty-five young children, young kids, *but I couldn't say whether they were under eighteen or not.*" (Emphasis added).

In oral argument counsel for the State suggested that the evidence was not more fully developed because of the intransigence of certain parties and principals in charge of operation of the child care facilities. This may, or may not, be true. Nevertheless, the State's burden to prove each element of its case for civil penalties for violation of the Child Care Licensing Act was in no way thereby lessened.

Rejecting all evidence contrary to the court's judgment and considering only the facts and circumstances tending to support the court's judgment, *Renfro Drug Co. v. Lewis, supra,* this Court has concluded that

there is a complete absence of proof of a vital fact for the recovery of civil penalties under the Child Care Licensing Act, that being whether appellants were providing care and training for children *under the age of eighteen years.* Investigator Duran's testimony, quoted above, was not evidence of the presence of children under the age of eighteen, but instead was a statement of his inability to so testify.

Appellee filed no points of error directed to that part of the judgment ordering Roloff Evangelistic Enterprises, Inc., to pay the penalties assessed by the October 22, 1976, judgment. Accordingly, that part of the judgment was not appealed to this Court and, of course, is now final.

That part of the judgment directing appellants to apply for and obtain a license for operation of the child care facilities by June 19, 1979, or suffer closure is not final. Accordingly, judgment is here rendered severing out that part of the judgment and the appeal from that part of the judgment is ordered dismissed.

The part of the judgment ordering Roloff Evangelistic Enterprises, Inc., to pay the State $22,850 in civil penalties for operation of the child care facilities from March 18, 1978, to June 13, 1979, is reversed and judgment is here entered that the State take nothing.