**RAILROAD COMMISSION OF TEXAS, Appellant,**

v.

**HOME TRANSPORTATION COMPANY, Appellee.**

No. 13788.

Court of Appeals of Texas, Austin.

Dec. 1, 1982.

Rehearing Denied Jan. 5, 1983.

Before SHANNON, POWERS and GAMMAGE, JJ.

PER CURIAM.

This is an appeal by the Railroad Commission from an order of the district court of Travis County, remanding to the Commission proceedings relating to an application by Home Transportation Co. (Home) to amend RCT Tariff 40–B to include Home as a participating carrier. Home, appellee, has moved to dismiss the appeal on the ground that this Court lacks jurisdiction because the district court has not rendered a final judgment. We will grant the motion and dismiss the appeal.

The Commission denied the application on the basis that Home did not have authority under its certificate to carry the articles specified in Tariff 40–B, except in circumstances in which Tariff 40–B would not apply. The Commission thus did not reach the issues whether Home had satisfied the other conditions for participation in Tariff 40–B. The district court found that the Commission did not have authority to interpret Home's certificate in deciding its application, and that Home had a "colorable claim of authority" to handle the traffic governed by Tariff 40–B and thus was entitled to participate in Tariff 40–B if it satisfied the other requirements for such participation. The district court remanded the case to the Commission for consideration of these issues.

The order of the district court recited that "the Court does not reach, and reserves judgment on, the issues raised in Home's appeal as to whether the Commission's ultimate conclusion to deny HOME's application is reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole." Accordingly, the district court ordered the Commission "promptly to reopen the proceeding . . . to enable Home to supplement and update its evidentiary submission in support of its application if HOME seeks such an opportunity, and to afford the protestants an opportunity to respond to such evidence and following such further

Mark White, Atty. Gen., Douglas Fraser, Asst. Atty. Gen., Austin, for appellant.

James M. Doherty, Doherty & Munson, Austin, for appellee.

hearing ... promptly to consider Home's application on its merits, consistent with the holdings of the Court in this order. In view of the interim nature of this remand order, the Court retains jurisdiction of this appeal, and the Commission is hereby ordered, following the rendition of its further final decision ... to certify to this Court such final order, ... for further review and decision by this Court on this appeal."

■ This Court has jurisdiction only over appeals from *final* judgments of district courts. Tex.Rev.Civ.Stat.Ann. arts. 2249, 6252–13a § 20 (Supp.1981). To be final, a judgment must determine the rights of all the parties and dispose of all the issues raised by the pleadings and evidence so that no future action by the Court will be necessary in order to determine the entire controversy. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956); *Roloff Evangelistic Enterprises, Inc. v. State,* 598 S.W.2d 697, 700 (Tex.Civ.App.1980, no writ); *Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945, 947 (1960). There is no final judgment when the court expressly reserves issues for later disposition. *Wilcox v. St. Mary's University of San Antonio,* 501 S.W.2d 875 (Tex.1973). The district court expressly reserved judgment on the substantial evidence issue and retained jurisdiction in its remand order. This order is therefore not a final judgment. *Benson v. Miles,* 378 S.W.2d 895 (Tex.Civ.App.1964, no writ); *Meek v. Hart,* 611 S.W.2d 162 (Tex. Civ.App.1981, no writ); cf. *First Savings & Loan Ass'n of Del Rio, Tex. v. Lewis,* 512 S.W.2d 62 (Tex.Civ.App.1974, writ ref'd n.r.e.) (final judgment even though district court did not resolve substantial evidence issue, where district court remanded entire case to agency and did not retain jurisdiction to pass on the substantial evidence issue).

The appeal is dismissed for lack of jurisdiction.