**RAILROAD COMMISSION OF TEXAS, Petitioner,**

v.

**HOME TRANSPORTATION COMPANY, INC., Respondent.**

No. C-1887.

Supreme Court of Texas.

July 20, 1983.

---

Jim Mattox, Atty. Gen., Douglas Fraser, Asst. Atty. Gen., Austin, for petitioner.

Doherty & Munson, James M. Doherty, Austin, for respondent.

SPEARS, Justice.

Home Transportation Company, Inc. (Home) applied to the Railroad Commission (the Commission) for inclusion as a participating carrier in Tariff No. 40–B. After the Commission denied Home's application, Home appealed to the Travis County District Court, which reversed the Commission and remanded the case to that agency for consideration of additional evidence. The Commission then filed in this Court a motion for leave to file for writ of mandamus. The motion was denied. The Commission then appealed the district court's action to the court of appeals, which dismissed for want of jurisdiction. 643 S.W.2d 512. We reverse the judgment of the court of appeals and remand the case to that court for consideration on the merits.

The question presented is whether a district court's order reversing the ruling of an administrative agency and remanding the case to that agency for further proceedings is a final judgment. We hold that it is.

Home asked to be added by the Commission as a participating carrier in Commission Tariff No. 40–B, which specifies rates for movements of mobile homes and related items mounted on undercarriages. The Commission, however, concluded that Home's present motor carrier certificate does not confer the authority to carry the items under the circumstances covered in Tariff No. 40–B. It therefore denied Home's application without reaching the question whether Home met the other conditions required for the desired participation.

On appeal, the district court reversed the Commission's denial of Home's application and remanded the case, ordering the Commission to reopen the proceedings to enable Home to present additional evidence. The court's order was based on its conclusions that (1) the Commission does not have the authority to issue a binding carrier certificate interpretation; (2) Home's certificate

is not limited to transportation of commodities used in the oil and gas industry; (3) the Commission must, and does, allow tariff participation to applicants whose certificates on their faces show a "colorable claim of authority"; and (4) Home's certificate of convenience and necessity has a colorable claim of authority to transport items covered by Tariff No. 40–B. Thus, in reversing the Commission's denial of Home's application, the district court's order specified the Commission's alleged errors, attempted to correct them, and then remanded the case with directions that the Commission reconsider Home's application "consistent with the holdings of the Court in this order." The order did not remand only to allow introduction of new evidence, but specifically directed the Commission to correct the errors of law it allegedly committed. The court expressly reserved judgment on whether the Commission's denial of Home's application was reasonably supported by substantial evidence and attempted to retain jurisdiction by calling its order "interim."

Determining whether the district court's order was final requires an application of the governing provisions of the Administrative Procedures and Texas Register Act (APTRA). *See* Tex.Rev.Civ.Stat.Ann. art. 6252–13a. Section 19(e) of that statute empowers the district court to "reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced" by the Commission's errors. *Id.* at § 19(e). APTRA also provides that "any party may apply to the court for leave to present additional evidence and the court, if it is satisfied that the additional evidence is material ..., may order that the additional evidence be taken before the [Commission]." *Id.* at § 19(d)(2). Any party may appeal from any final judgment of the district court "in the manner provided for in civil actions generally." *Id.* at § 20.

This Court in *Hargrove v. Insurance Investment Corp.,* 142 Tex. 111, 176 S.W.2d 744, 747 (1944), said a judgment is final if it determines the rights between the parties over the particular subject matter and terminates the litigation on the merits, even if

further proceedings are required to carry the judgment into full effect. *See also Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (Tex.1956) (final judgment disposes of all involved issues and settles the controversy between the parties).

The Commission contends that when the district court reversed the Commission on errors of law and remanded the case, its order was a final, appealable judgment because it settled the particular controversy between the Commission and the appellant. We agree.

■ The reviewing court has no authority under § 19(e) or § 19(d)(2) to retain jurisdiction of an appeal after it has already determined that errors of the Commission have substantially prejudiced the rights of the appellant. If the district court were permitted to reverse the Commission on alleged errors of law with an interlocutory order, it could effectively insulate its judgments from appellate review in some cases. If the order in this case, for example, were interlocutory, the Commission would be forced to comply with the district court's directions or risk contempt sanctions. As a result, on remand, the Commission would have to apply findings of fact and conclusions of law that it considers erroneous. Compliance with the terms of the order might lead to the granting of the relief sought by the appellant. The Commission obviously cannot appeal its own actions, and the appellant, having obtained his relief, would dismiss his appeal, thereby depriving the Commission of an opportunity to contest the validity of the order. Neither § 19(e) nor § 19(d)(2) authorizes such a practice.

■ We hold that the district court's order is a final, appealable judgment and that, therefore, the court of appeals has jurisdiction to consider the merits of the Commission's appeal. Accordingly, we disapprove the holding in *Benson v. Miles,* 378 S.W.2d 895, 898 (Tex.Civ.App.—Austin 1964, no writ) that a district court's reversal of a decision by the Savings and Loan Commissioner was not a final order. We ap-

prove the holding in *First Savings and Loan Association of Del Rio v. Lewis,* 512 S.W.2d 62, 64 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.) that a district court's reversal of the Savings and Loan Commissioner's findings of fact was a final, appealable judgment.

The judgment of the court of appeals is reversed, and the cause is remanded to that court for consideration on the merits.