**RAILROAD COMMISSION OF TEXAS, Petitioner,**

v.

**VIDAURRI TRUCKING, INC., Respondent.**

No. C-2108.

Supreme Court of Texas.

Dec. 7, 1983.

Jim Mattox, Atty. Gen., Walter Davis, Asst. Atty. Gen., Austin, for petitioner.

Julie Marquez, San Antonio, James R. Boyd, Jerry Prestridge, Austin, for respondent.

KILGARLIN, Justice.

This is a suit involving an order of the Railroad Commission of Texas refusing to reinstate the specialized motor carrier certificate of Vidaurri Trucking, Inc. The trial court, on judicial review, remanded the case to the Commission. The court of appeals, in an unpublished opinion, concluded that the district court's order was not final, and dismissed the Commission's appeal from it. We reverse the judgments of the courts below and render judgment in behalf of the Commission.

Two questions are presented for our consideration. First, was the district court's order remanding to the Railroad Commission the application of Vidaurri Trucking, Inc. to have its motor carrier certificate reinstated a final, thus appealable, judgment? If so, was the Commission correct in refusing to reinstate the certificate?

Vidaurri is a commercial cargo carrier, operating out of Laredo, Texas. On August 5, 1978, because of its failure to pay insurance premiums, Vidaurri's cargo insurance policy was cancelled. Thereafter, the Commission notified Vidaurri a hearing would be held on September 29, 1978, to give Vidaurri an opportunity to show cause why its specialized motor carrier certificate should not be cancelled. Although it received notice of the hearing, Vidaurri failed to appear and its certificate was cancelled. Vidaurri does not dispute that on October 23, 1978, it received notice of the cancellation of its certificate. Nevertheless, Vidaurri continued to operate as a cargo carrier, and after being cited for this violation, filed an application on June 12, 1980, for reinstatement of its certificate. The Commission did nothing until March, 1981, when it advised Vidaurri that the application for reinstatement could not be considered until

Vidaurri paid a late filing fee, as provided for by Title 16, Texas Administrative Code, section 5.460 (hereafter 16 TAC § 5.460). Vidaurri paid the fee and in March, 1982, the Commission, after a hearing, denied Vidaurri's application for reinstatement. The Commission stated that pursuant to 16 TAC § 5.188 it lacked jurisdiction to reinstate the certificate because the application for reinstatement was not filed within forty-five days of the cancellation. With this, the Commission returned to Vidaurri the late filing fee.

■ Vidaurri appealed the Commission's decision to the district court of Travis County. After a hearing, the district court rendered an order, which stated in pertinent part, as follows:

The Court is unable to reconcile the action of the Defendant in denying reinstatement of the involved certificate with the Defendant's letter of instructions for paying the penalty, and with Defendant's rule providing for the payment of a penalty for late-filing.

The Court is of the opinion, and so finds, that under the state of the record currently, that if the decision of the Defendant denying reinstatement of the involved certificate is permitted to stand substantial rights of the Plaintiff will be prejudiced because of the administrative finding of the Defendant.

Therefore, this case is hereby remanded to the Defendant for reconsideration and for return to this Court. In this regard, Defendant is directed to submit to the Court such facts, rules, regulations, precedents, or other information that Defendant considers will justify its action in denying the reinstatement of Plaintiff's certificate.

The trial court finding that substantial rights of Vidaurri would be prejudiced because of the administrative finding of the Commission would seem to bring its order within the provisions of the Administrative Procedures and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e), which empowers the district court to "reverse or remand the case for further proceedings if substantial rights of the applicant have been prejudiced." We considered an identical situation in *Railroad Commission of Texas v. Home Transportation Co., Inc.,* 654 S.W.2d 432 (Tex.1983). There, we held that a similar order was final and appealable. In this case, the trial court effectively disapproved the Commission's order but required the Commission to submit to the trial court such facts, rules, regulations, precedents, or other information that the Commission relied upon in denying the Vidaurri application. This is not a valid purpose for remand under APTRA § 19(e). As we observed in *Home Transportation,* such purported interlocutory order amounts to an effort by the trial court to insulate its judgment from appellate review. *Id.* at 434. Having concluded the order of the trial court was a final appealable judgment against the Commission, we hold that the court of appeals erred in dismissing the Commission's appeal.

■ Next, we turn to the question of whether the Commission was entitled to deny the application for reinstatement on the basis it no longer had jurisdiction. The Commission, admittedly, has muddied the waters by accepting Vidaurri's late application fee. Also, Vidaurri contends that 16 TAC § 5.460 allowed the Commission to maintain jurisdiction necessary to reconsider its order of cancellation. The relevant portion of that rule (which was later amended) was as follows:

Any application to reinstate a certificate or permit filed after the deadline date as specified on the Commission order cancelling the certificate or permit, will be assessed an additional penalty fee of One ($1.00) Dollar per day after the deadline date.

Vidaurri alleges that this Rule conflicts with 16 TAC § 5.188. Subsection (a) of this Regulation provides:

Within forty-five days after the cancellation of any certificate or permit for failure to maintain continuous insurance or surety bond coverage as required in § 5.181 (051.03.12.001) of this title (relating to Evidence of Insurance Required),

the carrier may request reinstatement of such certificate or permit by application accompanied by evidence of surety bond, insurance coverage, or other securities in lieu thereof, in accordance with the provisions of this subchapter.

Subsection (b) of this Regulation goes on to state:

The failure of any carrier to request reinstatement of a certificate or permit within 45 days after its cancellation for failure to maintain evidence of continuous insurance or surety bond coverage, shall render the order of cancellation final for all purposes . . . .

The Commission concedes that notwithstanding the express provisions of 16 TAC § 5.188 it was the Commission's practice for a period of several years to allow reinstatement even though the application was filed more than forty-five days after the issuance of the cancellation order. However, the Commission states that it ceased this practice after the rendition of the opinion on June 18, 1981, in *Railroad Commission of Texas v. McKnight,* 619 S.W.2d 255 (Tex. Civ.App.—Tyler 1981, no writ). Relying upon *Sproles Motor Freight Line v. Smith,* 130 S.W.2d 1087 (Tex.Civ.App.—Austin 1939, writ ref'd), the Tyler court held "the Commission is without power to review and set aside its own orders after they have become final," thereby declaring invalid a similar reinstatement order. In *McKnight,* the court of appeals affirmed the trial court judgment holding reinstatement to have been improper. In that case the trial court's Conclusions of Law stated that reinstatement outside of the time limits was in violation of 16 TAC § 5.188.

The Railroad Commission in this case concluded that it was without jurisdiction to reinstate Vidaurri's certificate. We agree with the Commission. Further, we do not perceive conflict between 16 TAC § 5.460 and 16 TAC § 5.188. The former provision is a procedural rule and 16 TAC § 5.402 states that as such it "shall not be construed so as to enlarge, diminish, modify or alter the jurisdiction, powers or authority of the agency or the substantive rights of any person." The latter provision is a regulation and according to 16 TAC § 5.2 is a substantive measure of general application. As § 5.460 cannot alter the jurisdiction of the Railroad Commission, it cannot be read to say that it conflicts with the clear jurisdictional requirements of § 5.188.

We therefore reverse the judgments of the courts below and render judgment in favor of the Railroad Commission of Texas that Vidaurri take nothing by its cause of action.