**The STATE of Texas, Appellant,**

v.

**Chuck S. BARRAZA, d/b/a Barraza Trucking, Appellee.**

**No. 13–87–204–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1987.

Michael Ryan, Atty. Gen.'s Office, Corpus Christi, Norberto Flores, Energy Div. Transp., Austin, for appellant.

Robert L. Ramey, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

KENNEDY, Justice.

The State of Texas seeks to appeal an order of the trial court refusing to hold the appellee, Chuck S. Barraza, in contempt for his failure to comply with the provisions of a permanent injunction.

The appellee, doing business as Barraza Trucking, was formerly enjoined from transporting property under certain conditions without first having obtained a permit or certificate of public convenience and necessity. In the present case, the State alleged that appellee had violated the injunc-

tion and filed a motion for contempt thereon. The trial court denied the motion based on the following findings: "[T]hat the permanent injunction ... lacks the degree of specificity required by law to support enforcement by contempt proceedings.... [T]hat if it is incorrect as to its previous finding ... the Court finds that the State of Texas has failed to prove that Defendant is in contempt...."

The State seeks to appeal only the trial court's first finding that the injunction lacks the degree of specificity required by law, and does not attack the validity of the second finding or the denial of the motion on that ground. The State's primary concern is that the first finding upon which the denial is based will be conclusive as to the invalidity of the injunction in any future actions to enforce the injunction.

The general rule is that an order finding a party not in contempt is not a final, appealable judgment. *Norman v. Norman*, 692 S.W.2d 655 (Tex.1985); *Anderson v. Anderson*, 563 S.W.2d 345 (Tex.Civ.App.—Dallas 1978, no writ); *Hamborsky v. Hamborsky*, 497 S.W.2d 405 (Tex.Civ.App.—San Antonio 1973, no writ). This is a part of the broader rule holding that no appeal may be had from an adjudication for contempt. *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex.1956).

An exception to this rule exists where the relief prayed for in the motion and afforded in the judgment is not of the character associated with contempt proceedings. *Roloff Evangelistic Enterprises, Inc. v. State*, 598 S.W.2d 697, 700 (Tex. Civ.App.—Austin 1980, no writ); *see also Thursby v. Stovall*, 647 S.W.2d 953 (Tex. 1983); *Richey v. Bolerjack*, 589 S.W.2d 957 (Tex.1979).

 However, where the relief granted is consistent with contempt proceedings, the order is not considered a final judgment and cannot be appealed, and "[w]hether the trial court's reason for its judgment is correct or incorrect is immaterial." *Hamborsky*, 497 S.W.2d at 406. In *Hamborsky*, the trial court refused to hold the defendant in contempt based on its conclusion that it had no jurisdiction to do so. And in *Anderson*, 563 S.W.2d at 346, the trial court refused to hold the defendant in contempt based on its refusal to acknowledge as valid an amendment to the underlying divorce decree upon which the motion for contempt was brought. Had these findings been conclusive in the above cases, they too would have vitiated, in whole or in part, the underlying judgments upon which contempt proceedings were brought. However, the orders in these cases, as in the present case, were not final judgments and do not have the effect of precluding further actions inconsistent with the findings and conclusions in the contempt proceedings.

The appeal is dismissed for want of jurisdiction.