IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-243-CV





WILLIAM N. KIRBY, COMMISSIONER OF EDUCATION AND


LA VERNIA INDEPENDENT SCHOOL DISTRICT,



 APPELLANTS


vs.





FLORESVILLE INDEPENDENT SCHOOL DISTRICT,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 465,519, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 



 




 On April 2, 1987, the Wilson County Commissioners' Court ("Wilson County")
ordered the detachment of approximately 4,563 acres of school territory from appellee, Floresville
Independent School District, and its annexation to appellant, La Vernia Independent School
District. See 1983 Tex. Gen. Laws, ch. 285, § 1, at 1386-87 (Tex. Educ. Code Ann. § 19.022,
since amended). Floresville appealed Wilson County's order to the Commissioner of Education
(the "Commissioner"). See Tex. Educ. Code Ann. § 11.13(a) (1991). After a hearing on
February 19, 1988, the Commissioner sustained the detachment and annexation.

 Floresville filed suit in Travis County District Court for judicial review of the
Commissioner's decision. See Administrative Procedure and Texas Register Act (APTRA), Tex.
Rev. Civ. Stat. Ann. art. 6252-13a, § 19 (Pamph. 1992). Floresville complained, among other
things, that the Commissioner's finding of fact number twenty-one was erroneous as a matter of
law because it placed the burden on Floresville to demonstrate violation of a modified order of
August 15, 1973, rendered in Federal district court.

 The Federal district court rendered the modified order at issue in a desegregation
case under the continuing jurisdiction of the federal court. See United States v. Texas, Civ. No.
5281 (E.D. Tex. July 13, 1971). The order requires the Texas Education Agency and the
Commissioner of Education to take certain actions in regard to the desegregation of the public
schools. Section B(1), concerning changes in school boundaries, requires the Commissioner to
investigate the effects of proposed boundary changes on the desegregation status of all school
districts concerned, notify the county and local school officials of his findings, and indicate
whether the boundary changes violate the law. 

 On April 23, 1990, the Travis County District Court rendered an order remanding
the case to the Commissioner "with instructions to reconsider the detachment and annexation in
accordance with [the] modified order . . . in Cause Number 5281." In its order the district court
purported to retain jurisdiction of all other issues raised in the case. Then, on August 31, 1990,
the district court signed a "Final Judgment" reversing the Commissioner's decision and setting
aside his order of detachment and annexation.

 The district court later vacated its judgment, and then reinstated it on February 13,
1991. The Commissioner of Education and La Vernia Independent School District appeal from
this reinstated final judgment reversing the Commissioner's decision. Appellants raise four points
of error; appellee raises two cross-points. Without considering the parties' points of error, we
will dismiss the appeal for want of jurisdiction. (1)

 On judicial review of an administrative agency's decision, APTRA empowers the
district court to remand the case to the agency in two situations. The district court may "reverse
or remand the case for further proceedings if substantial rights of the appellant have been
prejudiced" by the agency's errors, APTRA section 19(e), or, upon application of either party to
present additional evidence, the court "may order that the additional evidence be taken before the
agency," if the district court "is satisfied that the additional evidence is material and that there
were good reasons for the failure to present it in the proceeding before the agency." APTRA
section 19(d)(2).

 Reconsideration of the detachment and annexation in accordance with the modified
order is not a valid cause for remand under APTRA. Nevertheless, the district court's order
effectively disapproves the Commissioner's order and results in a final, appealable judgment. See
Railroad Comm'n v. Vidaurri Trucking, 661 S.W.2d 94, 95 (Tex. 1983).

 The district court had no authority to retain jurisdiction of the case after remand. 
See Vidaurri Trucking, 661 S.W.2d at 95; Railroad Comm'n v. Home Transp. Co., 654 S.W.2d
432, 434 (Tex. 1983). Thus, the district court's purported final judgment, rendered over four
months after its order remanding the case to the Commissioner and, therefore, after it lost
jurisdiction over the case, is a nullity. See Runnymede Corp. v. Metroplex Plaza, Inc., 543
S.W.2d 4, 5 (Tex. Civ. App. 1976, writ ref'd); Johniken v. Johniken, 377 S.W.2d 745 (Tex. Civ.
App. 1964, no writ). Because the parties appeal from this "final judgment," rather than from the
order remanding the case to the Commissioner, this Court lacks jurisdiction to entertain the
appeal. See Runnymede, 543 S.W.2d at 5; Lone Star Cement Corp. v. Rush, 456 S.W.2d 547,
550 (Tex. Civ. App. 1970, writ ref'd n.r.e.); Johniken, 377 S.W.2d at 746; Drawe v. McGuffin,
355 S.W.2d 738 (Tex. Civ. App. 1961, no writ); see also Courtlandt Corp. v. Trico Serv. Corp.,
600 S.W.2d 883, 886 (Tex. Civ. App. 1980, writ ref'd n.r.e.). Therefore, we must dismiss the
appeal.



 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Appeal Dismissed

Filed: August 26, 1992

[Do Not Publish]
1. Under the doctrine of "fundamental error," where it appears from the record that the
appellate court lacks jurisdiction, no assignment of error is necessary to present that
fundamental error for review. Pinchin v. Kinney, 623 S.W.2d 783, 788 (Tex. App. 1981, no
writ).