**In the Interest of K.E.A., a Child.**

**No. 05–11–01162–CV.**

Court of Appeals of Texas, Dallas.

Feb. 8, 2012.

Benjamin Baker, Benjamin A. Baker, P.C., Sherman, TX, for Appellant.

Thomas Scott Smith, Smith and Smith, Sherman, TX, for Appellee.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

## OPINION

Opinion By Chief Justice WRIGHT.

This is an appeal of the trial court's August 12, 2011 order on appellant's petition to modify the parent/child relationship and appellee's petition to enforce the property award. Appellee has filed a motion to dismiss the appeal for want of jurisdiction. She claims the trial court's order is interlocutory because it leaves to be determined both the amount of child support she must pay appellant and the amount of net monthly income appellant must pay her.

■ Generally, appeals may be taken only from final judgments. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). A judgment is final if it disposes of all pending parties and claims. *Id.* Orders that do not dispose of all pending parties and claims are interlocutory and, subject to a few mostly statutory exceptions, unappealable until a final judgment is entered. *Id.* This Court has held that a divorce decree that leaves blank the amount of child support is interlocutory and unappealable. *See Stone v. Stone*, 531 S.W.2d 850 (Tex.Civ.App.-Dallas 1975, no writ).

The pertinent provisions of the trial court's order state:

Child Support

IT IS ORDERED that the Court will determine the proper amount of child support to be paid by Sandra Lynne Anderson when the audit is complete. The obligation of Petitioner, Kenneth Eugene Anderson, Jr. to pay child support to Sandra Lynne Anderson, Respondent is terminated effective August 26, 2010.

\*     \*     \*

21% Net Monthly Income

After examining the pleadings and hearing the evidence and arguments of counsel, the Court finds that by the Decree entered by the Court on February 13, 2009, at item H–11 on page 29 of the Decree and item W–11 starting on page 31 of the Decree, Kenneth Eugene Anderson, Jr. was ordered to pay to Sandra Lynne Anderson 21% of the net monthly income of Kenneth E.

Anderson, Jr., M.D., P.A. or any other name by which Kenneth Eugene Anderson, Jr. practices medicine in accordance with the formula set forth in paragraph H–11 of the Decree.

It is therefore ORDERED, ADJUDGED and DECREED that Kenneth Eugene Anderson, Jr. shall comply with paragraphs H–11 and W–11 of the Decree, beginning on May 1, 2010.

It is further ORDERED that Barbara J. Hartline, CPA is appointed by the Court to determine the proper amount payable to Sandra Lynne Anderson under the terms of paragraphs H–11 and W–11 of the Decree, beginning on May 1, 2010. Ms. Hartline should complete her work as ordered by this paragraph on or before September 13, 2011.

\* \* \*

It is further ORDERED, ADJUDGED and DECREED that Kenneth Eugene Anderson shall pay to Sandra Lynne Anderson the sums ascertained due and owing under paragraphs H–11 and W–11 of the Decree within thirty days of completion of the work by Barbara J. Hartline.

At the end of the order, the trial court indicates that it is not final as follows:

It is further ORDERED, ADJUDGED AND DECREED that, *when final,* the monetary awards shall earn post-judgment interest until paid in full at the rate of five percent per annum; that Sandra Lynne Anderson shall have and recover all costs of Court; and for all of which *upon final judgment,* let execution issue.

In his response to the motion to dismiss, appellant asserts that the presumption of finality should apply because the order followed a trial on the merits. *See N.E. Indp. Sch. Dist. V. Aldridge,* 400 S.W.2d 893, 898 (Tex.1966). However, the pre-

sumption of finality does not apply where the trial court reserves issues for later determination. *See Azbill v. Dallas County Child Protective Servs.,* 860 S.W.2d 133, 135–36 (Tex.App.-Dallas 1993, no writ); *Roloff Evangelistic Enterprises, Inc. v. State,* 598 S.W.2d 697, 701 (Tex.Civ.App.-Austin 1980, no writ).

█ The trial court reserved two issues for determination after completion of an audit: (1) the amount of child support appellee must pay to appellant; and (2) the dollar amount of net monthly income appellant must pay to appellee. These reservations render the trial court's order interlocutory. *See Azbill,* 860 S.W.2d at 135–36; *Roloff Evangelistic Enterprises,* 598 S.W.2d at 701. Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See* Tex.R.App. P. 42.3(a).