**John WORLEY, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION
and El Paso Products Company,
Appellees.**

No. 08–85–00284–CV.

Court of Appeals of Texas,
El Paso.

Sept. 10, 1986.

Jimmy Edwards, Odessa, for appellant.

Jim Mattox, Atty. Gen., Austin, W.O. Shafer, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellees.

Before STEPHEN F. PRESLAR, C.J., Retired, OSBORN, C.J., and SCHULTE, J.

## OPINION

SCHULTE, Justice.

This is a substantial evidence case involving a decision of the Texas Employment Commission denying unemployment compensation benefits to Appellant. The district court's judgment following a nonjury trial upheld the administrative ruling of the commission. We affirm.

There is no dispute as to the facts. The Appellant began work with the El Paso Products Company in 1961. In August of 1983, the company notified its employees of a reduction-in-force program. The plan offered several options to those employees who (1) were fifty-four years of age or older by December 31, 1983, or (2) had eighty-three or more retirement points by December 31, 1983. The Appellant opted for the plan which permitted employees without sufficient retirement points to take a voluntary leave of absence for up to twelve months in order to meet the requirements necessary for retirement. During his leave of absence, the Appellant was to receive sixty-five percent of his previous salary provided he complied with the terms of the agreement. The Appellant discontinued active work with the company on August 31, 1983, and has not performed any services for the company since that date. In September, 1983, the Appellant filed for and received unemployment benefits. That decision to pay benefits was appealed to the commission by the employer on April 5, 1984. The Texas Employment Commission reversed the decision, and that reversal was in turn appealed to the trial court.

In reviewing the commission's order under the substantial evidence rule, the district court must, on one hand, hear and consider evidence to determine whether reasonable support for the administrative order existed at the time of the administrative hearing. On the other hand, the commission itself is the primary fact finder and the question to be determined by the trial court is strictly one of law, and the trial court may not substitute its judgment for that of the agency on controverted issues of fact. The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. If there is substantial evidence which supports the order, the courts are bound to follow the discretion of the administrative body. The person contesting the order has the burden of showing that the order was not supported by substantial evidence. *See: Firemen's and Policemen's Civil Service Commission v. Brinkmeyer*, 662 S.W.2d 953 (Tex.1984).

In his only point of error, Appellant contends the trial court erred in ruling as a matter of law that there was substantial evidence to support the decision of the Texas Employment Commission, arguing there was no evidence that Appellant continued to be employed after September 1, 1983, and no evidence the sixty-five percent pay was wages. The commission and the employer replied that Worley was not "unemployed" during his leave of absence and he was receiving sixty-five percent of his wages under his contract of employment.

Has Appellant satisfied his burden of showing the commission's order was not supported by substantial evidence? We think not. We need look only at the commission's findings of fact which Appellant concedes are the "undisputed facts" of the case. Appellant's employment status continued after September 1, 1983, for the purpose of accumulating the required eighty-five points for retirement. By virtue of accepting the leave of absence with pay, he contracted that his employment continue until April 30, 1984; and during that continuation of his employment, he would receive wages in a reduced amount. Further, under the undisputed facts, his company continued to pay his insurance benefits and maintained all other company benefits except for leave accrual throughout his leave of absence. All normal payroll deductions were made from his reduced wages. Under the facts conceded to, the employer considered that Worley was still employed and the sixty-five percent payment was wages.

From the evidence before the commission, as demonstrated to the trial court below, we conclude as did the court below that there was substantial evidence that Appellant continued to be employed after September 1, 1983, when he took leave of absence and continued on leave of absence until May 1, 1984, when he took retirement. We conclude as well that there was substantial evidence that the sixty-five percent pay constituted wages. Furthermore, since the sixty-five percent pay amounted to $494.30 per week and his unemployment benefit would have amounted to $168.00 per week, there was likewise substantial evidence that neither could he be considered "partially unemployed" under Tex. Rev.Civ.Stat. art 5221b–17(j) (Vernon 1971).

Finally, we believe the trial court was correct in finding Appellant did not meet his burden and in finding that the commission's order was supported by substantial evidence. Point of Error No. One is overruled.

The judgment upholding the administrative ruling of the commission is affirmed.

STEPHEN F. PRESLAR, C.J., Retired, not sitting.