TEXAS EMPLOYMENT COMMISSION
and Plaza Royale Corp., d/b/a
Sheraton Plaza Royale, Appellants,

v.

Douglas TORVIK, Appellee.

No. 13–89–248–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 4, 1990.

Robert J. West, Jim Mattox, Mary F. Keller, Lou McCreary, Harriet D. Burke, Atty. General's Office, Austin, Dennis Sanchez, and Patrick Russell, Sanchez, Whittington, Janis & Russell, Brownsville, for appellants.

Pedro S. Cruz, Harlingen, for appellee.

Before SEERDEN, BENAVIDES, and DORSEY, JJ.

OPINION

SEERDEN, Justice.

Texas Employment Commission (T.E.C.) and Plaza Royale Corp., d/b/a Sheraton Plaza Royale appeal from a judgment rendered against them and in favor of Douglas Torvik for unemployment compensation benefits. We reverse the judgment of the trial court.

Appellee was terminated from his employment with Sheraton Plaza Royale for misconduct. His application for unemployment compensation benefits was denied and he was ordered to pay back sums which had previously been paid to him. He sought judicial review pursuant to Tex.Rev. Civ.Stat.Ann. art. 5221b–4(i) (Vernon Supp. 1990).

In his petition, he alleged that he suffered from schizophrenia and a manic-depressive disorder and that the misconduct for which he was discharged was caused by

his mental disorder. He further alleged that because of the disorder, he was unable to present testimony concerning the same at his T.E.C. hearing. The matter was tried before the court on November 4, 1988. Appellee presented testimony to substantiate his pleadings. He admitted being engaged in an improper disturbance with another employee and conceded that this would have been sufficient to discharge him but he denied that his actions in the disturbance were intentional because they resulted from his mental illness. He further claimed that he was unable to properly present his case to the T.E.C. hearing officer because of his mental illness. On cross-examination, he conceded that doctors had prescribed medication to keep the mood swings of his schizophrenia and manic-depressive disorders in check, but stated that he had stopped taking such medication several years before the incident because of unpleasant side effects.

The complete record of the T.E.C. concerning appellee's claim for benefits was also introduced as evidence. This record includes reports from physicians confirming appellee's claim that he suffered from the mental illnesses mentioned and that medication had been prescribed for these illnesses. The record also confirms the incidents of grabbing and scuffling with a fellow employee and an altercation with a customer. These are the incidents upon which his discharge was based.

On November 4, 1988, the trial court entered an order remanding the case to the T.E.C. and granting a new administrative hearing allowing appellee to present evidence that misconduct was caused by his mental/medical illness and, therefore, should not be considered intentional misconduct. The court made a finding that the final decision of T.E.C. was "erroneous, arbitrary, capricious and not reasonably supported by substantial evidence."

On May 15, 1989, the matter again came before the court. No additional evidence was presented. The statements of counsel and the court, which are contained in the statement of facts, make it apparent the decision of the T.E.C. remained unchanged.

On May 30, 1989, the court entered its final judgment in favor of appellee and reversing the T.E.C.'s final decision. We reverse and render the trial court's judgment.

▌ In T.E.C.'s first point of error and Plaza Royale's second and third points, appellants assert that the trial court's remand of November 4, 1988, is a final judgment and that the judgment of May 30, 1989, is void. In support of this position they rely on *Railroad Comm'n of Texas v. Home Trans. Co. Inc.*, 654 S.W.2d 432 (Tex.1983) and *Railroad Comm'n of Texas v. Vidaurri Trucking, Inc.*, 661 S.W.2d 94 (Tex. 1983). These cases are not applicable. They are based upon Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(d) and (e) (Vernon Supp. 1990), portions of the Administrative Procedure and Texas Register Act. Section 21(g) of the Act, however, specifically provides that "Sections 12 through 20 do not apply to hearings by the Texas Employment Commission to determine whether or not a claimant is entitled to unemployment compensation...." Appellate review of Texas Employment Commission decisions is governed by Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (Vernon Supp.1990), which requires trial de novo with substantial evidence review. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986). There is no provision in this rule for the court to remand the case to the T.E.C. and the court has no authority to do so. Therefore the court's order of November 4, 1988, is without effect. The judgment of May 30, 1989, is the final judgment of the trial court. Appellants Texas Employment Commission's first and Plaza Royale's second and third points of error are overruled.

Plaza Royale's first point of error stating that the court's order of December 6, 1988, was in all things complied with, presents nothing for review and is overruled.

▌ By its second point of error, appellant Texas Employment Commission asserts that the trial court erred in rendering its judgment because there was substantial evidence to support its denial of unemployment compensation benefits. Judicial review of a Texas Employment Commission decision is provided for in Tex.Rev.Civ.Stat.

Ann. art. 5221b–4(i) (Vernon Supp.1990). the appealing party is entitled to trial de novo review of a Texas Employment Commission ruling. The court is limited to determining whether there is substantial evidence to support the ruling of the agency. *Mercer,* 701 S.W.2d at 831. The action of the T.E.C. carries a presumption of validity, and the party seeking to set aside the agency's decision has the burden of showing that it was not supported by substantial evidence. The reviewing court may not set aside a decision of the Texas Employment Commission merely because it would have reached a different conclusion. It may only do so if it finds Texas Employment Commission's decision to have been made without regard to the law or facts and therefore was unreasonable, arbitrary, or capricious. *Id.* If there is substantial evidence to support the administrative order, the court is bound to follow and the burden is on the person contesting the order to show that it was not supported by substantial evidence. *Worley v. Tex. Emp. Comm'n,* 718 S.W.2d 62, 63 (Tex.App.—El Paso 1986, no writ).

■ Tex.Rev.Civ.Stat.Ann. art. 5221b–17(q) (Vernon 1987) defines misconduct as follows:

> (q) "Misconduct" means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure orderly work and the safety of employees, but does not include an act of misconduct that is in response to an unconscionable act of an employer or superior.

After reviewing the evidence presented to the trial court, we find that appellee failed to show that the appellant's order was not supported by substantial evidence. In making this finding we note that under the statutory definition "misconduct" can be committed by 1) mismanagement of a position of employment by action or inaction; 2) neglect that places in jeopardy the lives or property of others; 3) intentional wrongdoing or malfeasance; 4) intentional violation of a law; and 5) violation of a policy or rule adopted to ensure orderly work and the safety of employees. Only those actions mentioned in three and four require an intentional state of mind on the part of the employee.

Appellee argues that his conduct was not intentional but was caused by his mental disease. Appellants allege that the decision of appellee to not take his medication was intentional. While we agree with that analysis, we also believe that there was substantial evidence which could have placed appellee's conduct in one of the categories mentioned above which does not require intentional conduct. Appellant, Texas Employment Commission's point of error number two is sustained. The judgment of the trial court is reversed and rendered that the Texas Employment Commission's final order of May 30, 1989, be affirmed.