Russell JOHNS, Plaintiff,

v.

**TEXAS WORKFORCE COMMISSION
and INFORMATION BUILDERS,
INC., Defendants.**

No. CIV. A. G–00–380.

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 26, 2000.

Blair Bernard Brininger, III, Attorney at Law, Houston, TX, for Russell Johns, plaintiffs.

Tony Artero, Assistant Attorney General, Austin, TX, James Richard Watkins, Royston Rayzor et al., Galveston, Nathan Allan Wesely, Royston Rayzor et al., Houston, TX, for Texas Workforce Commission, Information Builders Incorporated, defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

### I. BACKGROUND

This matter stems from an administrative action brought by Plaintiff against Defendant Information Builders, Inc. ("Information Builders") before the Defendant Texas Workforce Commission ("Commission") under the Texas Payday Act. *See* Tex. Labor Code § 61.001 et seq. Plaintiff and Defendant Information Builders both participated in an administrative adjudication concerning an $87,519.84 sales commission Plaintiff alleges he is owed by Information Builders. Following this hearing, the Texas Workforce Commission determined that Plaintiff's claim lacked merit. On May 16, 2000, pursuant to state law, Plaintiff sought review of the Commission's determination by filing suit against Defendant Information Builders in the 149th District Court of Brazoria County, Texas. *See id.* at § 61.062(d). Plaintiff also, as required by Texas law, joined the Texas Workforce Commission as a defendant. *See id.* at § 61.062(c). Information Builders answered in state court and then filed its notice of removal alleging diversity jurisdiction with this Court. Thereafter, Plaintiff filed its Motion to Remand urging: (1) an error in removal procedure, as the Defendant Commission neither joined in nor consented to removal; and (2) lack of subject matter jurisdiction. Defendant

responds that the Commission is merely a "nominal" party that should be ignored for diversity purposes. The Court now finds, for the reasons stated below, that Plaintiff's Motion to Remand should be **DENIED**.

### II. ANALYSIS

■ At the outset, the Court notes that Defendant Information Builders, as the removing party, must carry the burden of establishing the existence of federal jurisdiction. *See Hummel v. Townsend,* 883 F.2d 367, 369 (5th Cir.1989); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any doubts surrounding removal must accordingly be resolved in favor of remanding the action back to state court. *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000), *cert. denied,* — U.S. ——, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000).

■ Defendants allege jurisdiction in this case based upon diversity of citizenship. Of course diversity of citizenship exists when the parties to the action reside in different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. On the face of Plaintiff's Complaint, complete diversity would not appear to exist because of the presence of Defendant Texas Workforce Commission.[1] Therefore, in order to sustain Defendant Information Builder's allegation of diversity jurisdiction, the Court must find that the Commission is a nominal party to this action. *See Thames v. State of Mississippi,* 117 F.2d 949, 950 (5th Cir.1941) (ignor-

---

1. The parties have not discussed the citizenship status of the Commission. If the Commission is an arm of the state it has no place of citizenship and diversity jurisdiction cannot be established. *See Postal Telegraph Cable Co. v. State of Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894) ("A state is not a citizen.... [and] a suit between a state and a citizen ... of another state is not

between citizens of different states ...."). Alternatively, the Texas Workforce Commission might be treated as an entity independent of the state, which would make it a Texas citizen. *See Tradigrain v. Mississippi State Port Authority,* 701 F.2d 1131, 1132 (5th Cir.1983). The Court does not decide this issue, but notes that in either event diversity would be destroyed.

ing the State of Mississippi as a nominal party for diversity purposes); *accord Wynn v. Philip Morris, Inc.,* 51 F.Supp.2d 1232, 1250 (N.D.Ala.1999).

## A. *Nominal Party*

■ Generally, "all defendants who are properly joined and served must join in the removal petition, and ... failure to do so renders the petition defective." *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871 (5th Cir.1991). An exception to this rule, however, does exist. If the non-joining party is merely "nominal" or "formal," that party need not join in the removal petition. *Id.*

Nominal parties are those parties that are "neither necessary nor indispensable to join in the action." *Id.* In order to hold that the Commission is a nominal party, the Court must determine that it can "enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.* "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court." *Id.*

■ In this matter, Plaintiff cannot possibly establish a cause of action against the Texas Workforce Commission. In fact, Plaintiff does not make any serious effort to suggest that such an outcome could be achieved. Plaintiff instead asserts that it can "prevail" against the Commission by having the Commission's unfavorable decision overturned. Although such an outcome would certainly render Plaintiff victorious, the victory would be not against the Commission, but rather against Defendant Information Builders, which would have to pay any such money judgment. *See Thames,* 117 F.2d at 950 ("Though the State of Mississippi is the necessary plaintiff, since she has no interest at stake, she is a nominal party not to be considered on the question of diversity of citizenship."); *District of Columbia ex rel. American Combustion, Inc. v. Transamerica Ins.*

*Co.,* 797 F.2d 1041, 1047 (D.C.Cir.1986) (holding that although required by statute to be named as a party, the District of Columbia had "nothing to do with this case"). And while the Court does not doubt that the Texas Workforce Commission, much like this Court, takes great pride in the substance of its rulings, one cannot imagine that the Commission would feel prevailed upon if this Court were to award Plaintiff his sought after wages payable by Information Builders. In addition to being off the hook financially in this action, the Commission also cannot be required to take or refrain from taking any action following the disposition of this matter. *See Texas Employment Comm'n v. Torvik,* 797 S.W.2d 195, 196 (Tex.App.—Corpus Christi 1990, no writ) (holding that Texas courts lack authority to remand an action to the Commission).

Quite simply, the Defendant Commission lacks any particularized interest in this lawsuit and is only present before this Court because a Texas statute required Plaintiff to name the Commission as a defendant. *See* Tex. Labor Code § 61.062(c). As such, the Commission is a nominal party whose failure to join in or consent to removal does not render the petition defective. *See Farias,* 925 F.2d at 871. Moreover, as a nominal party, the Commission does not divest this Court of diversity jurisdiction. *See Mallia v. PaineWebber, Inc.,* 889 F.Supp. 277, 283 (S.D.Tex.1995). The Court is thus left, analytically, with a single Texas plaintiff suing a single New York defendant for an amount in excess of $75,000. In sum, this Court has diversity jurisdiction.

## B. *Eleventh Amendment*

■ Plaintiff also contends that the Eleventh Amendment bars this action. This issue, however, is a red herring in this dispute. The Eleventh Amendment protects an unconsenting state from being sued in the federal courts by citizens of its own or of another state. *See Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct.

1347, 1355, 39 L.Ed.2d 662 (1974). As Plaintiff points out, however, the Eleventh Amendment "restricts federal court jurisdiction only ... [when] the state is the real, substantial party in interest." *Hander v. San Jacinto Junior College*, 519 F.2d 273, 277–78 (5th Cir.1975). Because by definition a party cannot be both "nominal" and a "real party in interest," the answer to the nominal party question simply obviates this inquiry. *See Skandia America Reinsurance Corp. v. Schenck*, 441 F.Supp. 715, 722 (S.D.N.Y.1977) (stating that the "real party in interest" test applies to both the diversity and Eleventh Amendment analyses). On the one hand, if the Texas Workforce Commission were a real party in interest, complete diversity could not be established, and the jurisdictional facts would require remand irrespective of the Eleventh Amendment. *See Postal Telegraph*, 155 U.S. at 487, 15 S.Ct. at 194. Conversely, if the Texas Workforce Commission is merely a nominal party to this litigation, then the suit is not "against" a state at all, and the Eleventh Amendment does not apply. *See Hander*, 519 F.2d at 278. As discussed above, the Court has determined that the Commission is a nominal party, rather than a real party in interest. In either case the Eleventh Amendment argument cannot be dispositive.

### III. CONCLUSION

For these reasons, the Court finds that the Texas Workforce Commission is merely a nominal party in this matter. The Court must, therefore, ignore the residency of the Commission for diversity purposes. Thus, the real parties in interest to this case are citizens of different states. Diversity jurisdiction exists and the Plaintiff's Motion to Remand is therefore DENIED. Moreover, the Court has also been made aware of a related matter styled *Johns v. Information Builders, Inc.*, Civil Action No. G–00–154 that is also pending before the Court. A review of the pleadings makes it apparent that common questions of law and fact are present in these two matters. Accordingly, pursuant to Rule 42(a), the Court ORDERS these actions consolidated. *See* Fed.R.Civ.P. 42(a). Hereafter, all pleadings, motions and correspondence of any type in this now consolidated action shall be filed under *Johns v. Information Builders, Inc.*, Civil Action No. G–00–154. The Court also ORDERS that the parties shall have sixty (60) days from the date of this Order to conduct necessary discovery and urges that the parties make every effort to voluntarily settle this dispute within that time frame. Following the expiration of this sixty (60) day discovery and settlement negotiation period, the Court further ORDERS that the parties shall proceed to mediation before Mr. Ross Citti of Houston, Texas in the sincere hope that they may resolve this matter. Finally, the Court ORDERS that the Scheduling Conferences currently set for these individual actions be canceled and the now consolidated actions are hereby reset, as consolidated, for February 7, 2001 at 9:00 a.m.

IT IS SO ORDERED.