# NO. 12-09-00364-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS WORKFORCE COMMISSION,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2 OF* |
| *BUSKE LINES, INC.,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Workforce Commission ("TWC") appeals a turnover order issued against it, and raises two issues on appeal. We affirm.

### BACKGROUND

On November 17, 2004, Billy Moore filed a claim against his former employer Buske Lines, Inc. ("Buske"), seeking unpaid overtime wages under the Texas Payday Law. Moore claimed that he was owed $1,589.20 in overtime wages. TWC held an administrative hearing where Moore and Buske offered evidence. After the hearing, TWC issued a "preliminary wage determination order," holding that Buske owed Moore unpaid overtime in the sum of $1,252.06. Buske paid TWC the required sum and appealed to an internal administrative appeals panel. The panel affirmed the order.

Next, Buske appealed the decision to the Henderson County Court at Law. Moore and TWC were both served with citation, but Moore never filed an answer or otherwise appeared in the appeal. Consequently, Buske filed a motion for default judgment on April 19, 2006.[1] The trial court signed an order granting a default judgment against Moore on June 7, 2006. The order granting the default judgment also ordered that Moore's "wage claim in the amount of $1,252.06 is overturned."

Almost two years had passed without any activity in the suit when, in April 2008, Buske filed a motion for summary judgment. Over one year later, in July 2009, TWC filed a competing motion for summary judgment. Neither motion for summary judgment

---

[1] Buske filed an amended motion for default judgment on May 1, 2006.

was ever ruled upon by the trial court.[2]  On August 25, 2009,[3] Buske filed its motion for turnover order, alleging that the June 7, 2006 default judgment against Moore overturned the overtime award to Moore, resulting in a final judgment.  Therefore, Buske argued, TWC should be required to return the funds it held in escrow that Buske paid to TWC, despite TWC's refusal to do so.

The trial court signed an order granting Buske's motion for turnover order on October 8, 2009, requiring TWC to remit the sum of $1,252.06 plus interest to Buske.  TWC appealed.

## FINALITY OF DEFAULT JUDGMENT

In its second issue, TWC argues that "the trial court erred in issuing a turnover order because there is no final judgment."

The law does not require that a final judgment be in a particular form.  ***Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 195 (Tex. 2001).  Whether a judicial decree is a final judgment must be determined from its language and the record on appeal.  ***Id.***

TWC asserts that the June 7, 2006 default judgment against Moore is not a final judgment because it does not dispose of all parties and issues.  Specifically, it asserts that the default judgment is only against Moore, that TWC remains in the suit as an active litigant, and that unresolved issues remain in the trial court between TWC and Buske.  Therefore, according to TWC, the turnover order was premature.

Under the facts of this case, even though the trial court ordered a default judgment against Moore but not TWC, the default judgment is nonetheless final.  TWC was a party to the suit in name only; it had no particularized interest in the suit, and was present in the suit only because a statute required Buske to name it as a defendant.  *See **Johns v. Tex. Workforce Comm'n***, 114 F. Supp. 2d 590, 592 (S.D. Tex. 2000) (citing TEX. LAB. CODE ANN. § 61.062(c) (Vernon 2006)).  In other words, TWC's right to be a party in the judicial action was derived from Moore.  Because Moore did not answer or otherwise appear, and since TWC was a party in name only and lacked any particularized interest in the suit, the default judgment disposed of all parties.  Once a default judgment was signed against Moore, and Moore failed to appeal it to this court, the default judgment became final.

---

[2] The trial court signed an order for a telephonic hearing on the motions for summary judgment to take place on August 25, 2009.  The record is silent as to whether that hearing occurred.  Moreover, the record does not contain any signed order as to either motion for summary judgment.

[3] Buske filed an amended motion for turnover order on September 16, 2009.

Turning to the "issues" remaining after the default judgment, TWC points to the unresolved competing motions for summary judgment. More particularly, TWC asserts that the trial court must still review the merits of TWC's order under the substantial evidence standard of review and determine whether TWC reached a correct decision. However, those motions are moot because they relate to the merits of TWC's administrative decision. The substantive issue of whether Moore was entitled to overtime wages under the Texas Payday Law was disposed of with the default judgment against him and the recitation in the judgment that TWC's award to Moore was overturned. In sum, once the default judgment was signed, no issues remained.

TWC's second issue is overruled.

## TURNOVER ORDER[4]

In its first issue, TWC argues that "the turnover statute cannot be used against [it] because [TWC] is not a judgment debtor."

### Applicable Law

A trial court has the inherent power to enforce its previously entered judgments even after its plenary power has expired.[5] ***Rapid Settlements, Ltd. v. Symetra Life Ins. Co.***, 234 S.W.3d 788, 795 (Tex. App.–Tyler 2007, no pet.) (citing ***Arndt v. Farris***, 633 S.W.2d 497, 499 (Tex. 1982)). That power is part of the court's jurisdiction, and the court may employ suitable methods to enforce its jurisdiction. ***Id.*** For example, courts are specifically authorized to use injunctions, turnover orders, writs of execution, writs of attachment, and writs of garnishment in the exercise of their postjudgment jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (injunction and turnover orders) (Vernon 2008); TEX. R. CIV. P. 622 (writs of execution); TEX. CIV. PRAC. & REM. CODE ANN. § 61.001 (writs of attachment); TEX. CIV. PRAC. & REM. CODE ANN. § 63.001 (writs of garnishment).

### Discussion

---

[4] Here, the trial court issued an order mandating TWC's turnover of the overtime wages paid by Buske, which is in the nature of a mandatory injunction. A turnover order in the nature of a mandatory injunction is appealable, and this court has jurisdiction to review it. ***Schultz v. Fifth Judicial Dist. Ct. of Appeals***, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds*, ***In re Sheshtawy***, 154 S.W.3d 114 (Tex. 2004) (holding turnover order in nature of mandatory injunction is immediately appealable).

[5] In addition to inherent authority, the trial court is vested with the explicit statutory authority to enforce its judgments. *See* TEX. R. CIV. P. 308. Generally, a court has a duty to enforce its own judgments. ***In re Crow-Billingsley Air Park, Ltd.,*** 98 S.W.3d 178, 179 (Tex. 2003) ("trial court has an affirmative duty to enforce its judgment" under Texas Rule of Civil Procedure 308).

As part of its argument, TWC assumes that the general turnover statute in chapter 31 of the Texas Civil Practice and Remedies Code governs the turnover order issued by the trial court in this case. TWC contends that in order to obtain a turnover order under that statutory scheme, a judgment must first be rendered against it or it cannot be considered a judgment debtor subject to turnover procedures. TWC points out that there is no judgment against it. Thus, in TWC's view, it cannot be a judgment debtor and cannot be required to remit the funds Buske paid to it.

TWC's reliance on chapter 31 as the controlling turnover statute is misplaced. Here, the trial court specifically recited that it ordered turnover of the funds pursuant to section 61.063(c) of the labor code. That statute provides in relevant part as follows:

> If after judicial review it is determined that some or all of the wages are not owed or the penalty is reduced or is not assessed, [TWC] shall remit the appropriate amount to the party assessed the wage payment or penalty, plus the interest accrued on the escrowed amount.

TEX. LAB. CODE ANN. § 61.063(c) (Vernon 2006). The suit is an administrative appeal for judicial review of a Texas Payday overtime wage claim. TEX. LAB. CODE ANN. §§ 61.062–.063 (Vernon 2006). Once the default judgment was taken against Moore, and the court overturned the award in Moore's favor, it was "determined that some or all of the wages [were] not owed." See TEX. LAB. CODE ANN. § 61.063(c). This triggered TWC's responsibility to remit the funds it held to Buske. TWC failed to do so, despite requests from Buske. Buske sought to enforce the trial court's June 7, 2006 judgment. The trial court recited that it followed section 61.063 in ordering turnover of the funds to Buske, and we hold that this was a proper exercise of the trial court's authority to enforce its judgment.

As an alternative argument, in the event we determined that the default judgment was a final judgment, TWC seemed to contend during oral argument that the trial court lost jurisdiction to grant relief under section 61.063(c) of the labor code, and must instead rely on the general turnover statute in chapter 31 of the Texas Civil Practice and Remedies Code. To the extent that TWC makes this argument, we hold that it is without merit, because as detailed above, a trial court retains inherent, continuing jurisdiction to enforce its judgments through suitable means. See **Rapid Settlements**, 234 S.W.3d at 795. In the instant case, it was appropriate for the trial court to exercise its jurisdiction to enforce its judgment under the provision unique to Texas Payday Law claims. See TEX. LAB. CODE § 61.063(c).

TWC's first issue is overruled.

## DISPOSITION

We *affirm* the order of the trial court.

                 **JAMES T. WORTHEN**
                     Chief Justice

Opinion delivered October 27, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)