NO









NO. 12-09-00364-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

TEXAS WORKFORCE COMMISSION,

APPELLANT                                                     '     APPEAL
FROM THE 

 

V.                                                                         '     COUNTY COURT
AT LAW NO. 2 OF

 

BUSKE LINES, INC.,                                       '     HENDERSON
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            The
Texas Workforce Commission (“TWC”) appeals a turnover order issued against it,
and raises two issues on appeal.  We affirm.

 

Background

            On
November 17, 2004, Billy Moore filed a claim against his former employer Buske
Lines, Inc. (“Buske”), seeking unpaid overtime wages under the Texas Payday
Law.  Moore claimed that he was owed $1,589.20 in overtime wages.  TWC held an
administrative hearing where Moore and Buske offered evidence.  After the
hearing, TWC issued a “preliminary wage determination order,” holding that
Buske owed Moore unpaid overtime in the sum of $1,252.06.  Buske paid TWC the
required sum and appealed to an internal administrative appeals panel.  The
panel affirmed the order.

Next,
Buske appealed the decision to the Henderson County Court at Law.  Moore and
TWC were both served with citation, but Moore never filed an answer or
otherwise appeared in the appeal.  Consequently, Buske filed a motion for
default judgment on April 19, 2006.[1] 
The trial court signed an order granting a default judgment against Moore on
June 7, 2006.  The order granting the default judgment also ordered that
Moore’s “wage claim in the amount of $1,252.06 is overturned.” 

Almost
two years had passed without any activity in the suit when, in April 2008,
Buske filed a motion for summary judgment.  Over one year later, in July 2009,
TWC filed a competing motion for summary judgment.  Neither motion for summary
judgment was ever ruled upon by the trial court.[2] 
On August 25, 2009,[3]
Buske filed its motion for turnover order, alleging that the June 7, 2006
default judgment against Moore overturned the overtime award to Moore,
resulting in a final judgment.  Therefore, Buske argued, TWC should be required
to return the funds it held in escrow that Buske paid to TWC, despite TWC’s refusal
to do so.

The
trial court signed an order granting Buske’s motion for turnover order on
October 8, 2009, requiring TWC to remit the sum of $1,252.06 plus interest to
Buske.  TWC appealed.

Finality of Default Judgment

In
its second issue, TWC argues that “the trial court erred in issuing a turnover
order because there is no final judgment.”  

The
law does not require that a final judgment be in a particular form.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Whether a judicial
decree is a final judgment must be determined from its language and the record
on appeal.  Id.

TWC
asserts that the June 7, 2006 default judgment against Moore is not a final
judgment because it does not dispose of all parties and issues.  Specifically,
it asserts that the default judgment is only against Moore, that TWC remains in
the suit as an active litigant, and that unresolved issues remain in the trial
court between TWC and Buske.  Therefore, according to TWC, the turnover order
was premature.

Under
the facts of this case, even though the trial court ordered a default judgment
against Moore but not TWC, the default judgment is nonetheless final.  TWC was a
party to the suit in name only; it had no particularized interest in the suit,
and was present in the suit only because a statute required Buske to name it as
a defendant.  See Johns v. Tex. Workforce Comm’n, 114 F. Supp. 2d
590, 592 (S.D. Tex. 2000) (citing Tex.
Lab. Code Ann. § 61.062(c) (Vernon 2006)).  In other words, TWC’s right
to be a party in the judicial action was derived from Moore.  Because Moore did
not answer or otherwise appear, and since TWC was a party in name only and lacked
any particularized interest in the suit, the default judgment disposed of all
parties.  Once a default judgment was signed against Moore, and Moore failed to
appeal it to this court, the default judgment became final.  

Turning
to the “issues” remaining after the default judgment, TWC points to the
unresolved competing motions for summary judgment.  More particularly, TWC
asserts that the trial court must still review the merits of TWC’s order under
the substantial evidence standard of review and determine whether TWC reached a
correct decision. However, those motions are moot because they relate to the
merits of TWC’s administrative decision.  The substantive issue of whether
Moore was entitled to overtime wages under the Texas Payday Law was disposed of
with the default judgment against him and the recitation in the judgment that
TWC’s award to Moore was overturned.  In sum, once the default judgment was
signed, no issues remained.

TWC’s
second issue is overruled.   

 

Turnover Order[4]

             In
its first issue, TWC argues that “the turnover statute cannot be used against
[it] because [TWC] is not a judgment debtor.” 

Applicable
Law

A
trial court has the inherent power to enforce its previously entered judgments
even after its plenary power has expired.[5]
 Rapid Settlements, Ltd. v. Symetra Life Ins. Co., 234 S.W.3d 788,
795 (Tex. App.–Tyler 2007, no pet.) (citing Arndt v. Farris, 633
S.W.2d 497, 499 (Tex. 1982)).  That power is part of the court’s jurisdiction, and
the court may employ suitable methods to enforce its jurisdiction.  Id.  For
example, courts are specifically authorized to use injunctions, turnover
orders, writs of execution, writs of attachment, and writs of garnishment in
the exercise of their postjudgment jurisdiction.  See Tex. Civ. Prac. & Rem. Code Ann. §
31.002 (injunction and turnover orders) (Vernon 2008); Tex. R. Civ. P. 622 (writs of execution); Tex. Civ. Prac. & Rem. Code Ann. §
61.001 (writs of attachment); Tex. Civ.
Prac. & Rem. Code Ann. § 63.001 (writs of garnishment). 

Discussion

As
part of its argument, TWC assumes that the general turnover statute in chapter
31 of the Texas Civil Practice and Remedies Code governs the turnover order
issued by the trial court in this case.  TWC contends that in order to obtain a
turnover order under that statutory scheme, a judgment must first be rendered
against it or it cannot be considered a judgment debtor subject to turnover
procedures.  TWC points out that there is no judgment against it. Thus, in
TWC’s view, it cannot be a judgment debtor and cannot be required to remit the
funds Buske paid to it. 

TWC’s
reliance on chapter 31 as the controlling turnover statute is misplaced.  Here,
the trial court specifically recited that it ordered turnover of the funds
pursuant to section 61.063(c) of the labor code.  That statute provides in
relevant part as follows: 

 

If after judicial
review it is determined that some or all of the wages are not owed or the
penalty is reduced or is not assessed, [TWC] shall remit the appropriate amount
to the party assessed the wage payment or penalty, plus the interest accrued on
the escrowed amount.

 

Tex. Lab. Code Ann. § 61.063(c) (Vernon
2006).  The suit is an administrative appeal for judicial review of a Texas
Payday overtime wage claim.  Tex. Lab.
Code Ann. §§ 61.062–.063 (Vernon 2006).  Once the default judgment
was taken against Moore, and the court overturned the award in Moore’s favor,
it was “determined that some or all of the wages [were] not owed.”  See Tex. Lab. Code Ann. § 61.063(c).  This
triggered TWC’s responsibility to remit the funds it held to Buske.  TWC failed
to do so, despite requests from Buske.  Buske sought to enforce the trial
court’s June 7, 2006 judgment.  The trial court recited that it followed
section 61.063 in ordering turnover of the funds to Buske, and we hold that
this was a proper exercise of the trial court’s authority to enforce its judgment.

As
an alternative argument, in the event we determined that the default judgment
was a final judgment, TWC seemed to contend during oral argument that the trial
court lost jurisdiction to grant relief under section 61.063(c) of the labor
code, and must instead rely on the general turnover statute in chapter 31 of
the Texas Civil Practice and Remedies Code.  To the extent that TWC makes this
argument, we hold that it is without merit, because as detailed above, a trial
court retains inherent, continuing jurisdiction to enforce its judgments
through suitable means.  See Rapid Settlements, 234 S.W.3d
at 795.  In the instant case, it was appropriate for the trial court to
exercise its jurisdiction to enforce its judgment under the provision unique to
Texas Payday Law claims.  See Tex.
Lab. Code § 61.063(c).

            TWC’s
first issue is overruled.

Disposition

            We affirm
the order of the trial court.

            



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered October 27, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1]
Buske filed an amended motion for default judgment on May 1, 2006.





[2]
The trial court signed an order for a telephonic hearing on the motions for
summary judgment to take place on August 25, 2009.  The record is silent as to
whether that hearing occurred.  Moreover, the record does not contain any
signed order as to either motion for summary judgment. 

 





[3]
Buske filed an amended motion for turnover order on September 16, 2009.





[4] Here, the trial court issued an order mandating TWC’s
turnover of the overtime wages paid by Buske, which is in the nature of a
mandatory injunction.  A turnover order in the nature of a mandatory injunction
is appealable, and this court has jurisdiction to review it.  Schultz v.
Fifth Judicial Dist. Ct. of Appeals, 810 S.W.2d 738, 740 (Tex. 1991), abrogated
on other grounds, In re Sheshtawy, 154 S.W.3d 114 (Tex. 2004)
(holding turnover order in nature of mandatory injunction is immediately
appealable).

 





[5] In addition to inherent authority, the trial court is
vested with the explicit statutory authority to enforce its judgments.  See Tex. R. Civ. P. 308.  Generally, a
court has a duty to enforce its own judgments.  In re Crow-Billingsley
Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003) (“trial court has
an affirmative duty to enforce its judgment” under Texas Rule of Civil
Procedure 308).